DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAJWHAN D. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1047

[November 8, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 09-23516CF10B.

Carey Haughwout, Public Defender, and Travis Dunnington, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

After being sentenced on various drug charges, appellant moved to withdraw his plea. The trial court denied his motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing on the motion to withdraw a plea.

"Where a defendant files a facially sufficient motion to withdraw his plea, he is entitled to an evidentiary hearing on the issues unless the record conclusively refutes his allegations." *Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006).

One of the grounds of the amended motion to withdraw was appellant's expectation that he would serve his sentence in a federal prison. At the end of the plea hearing, the defense attorney referred to an order "remanding [appellant] to federal custody so that he can begin his sentence." The judge signed an order remanding appellant "to Federal Custody . . . to serve his Federal sentence." The judge sentenced appellant "concurrent with the federal sentence that's already been imposed." At the time appellant made his motion, he was still in state custody.

The state argues that service of the state sentence in a federal prison was not part of the plea agreement, but that fact is not apparent from the record. There was a sidebar discussion where the judge indicated that he could not guarantee that appellant would be housed in a federal prison. Appellant was not present at the sidebar. Nothing in the record showed that the defendant was aware of the potential of serving his sentence in state prison and that he agreed to accept that risk in entering his plea.

*Reversed and remanded.*

WARNER, GROSS and TAYLOR, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***